**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. <u>26-mj-8339-RMM</u>

**UNITED STATES OF AMERICA**

v.

**Luis Antonio Benitez-Hernandez**

FILED BY_____MEE_____D.C.

May 1, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

<u>        **Defendant.**        </u>/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_____
Suzanne Huyler
Assistant United States Attorney
District Court No.   A5503350
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:    (561) 820-8711
Fax:    (561) 820-8777
Email:  Suzanne.Huyler@usdoj.gov

AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Luis Antonio Benitez-Hernandez | ) | Case No.   26-mj-8339-RMM |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

**FILED BY____MEE____D.C.**

**May 1, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 28, 2026_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C 1326(a) | Illegal Reentry to the United States after deportation or removal |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_Richard Soto valentin_
_____
_Complainant's signature_

Richard Soto Valentin - Border Patrol Agent
_Printed name and title_

Sworn to and attested to me by applicant by
telephone (Facetime) per the requirements of
Fed. R. Crim. P.4 (d) and 4.1.

Date: ___5/1/26___

_____
_Judge's signature_

City and state: _____West Palm Beach, FL_____     Ryon M. McCabe, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Soto Valentin, being duly sworn, depose and state as follows:

1. I am a Border Patrol Agent ("BPA") for the U.S. Department of Homeland Security, United States Border Patrol, and have served in this position for nineteen (19) years. I am currently assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida. Previously, from January 2019 to June 2022, I was assigned as a Prosecution Agent to the West Palm Beach Station. Form February 2015 to March 2017, I was detailed to the Drug Enforcement Administration ("DEA") Resident Office in Port St Lucie, Florida. During my tenure at the DEA, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering. From March 2012 to June 2014, I was detailed to Homeland Security Investigations ("HSI") in Arecibo, Puerto Rico. During my tenure at HSI, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering and illegal weapons violations. Prior to becoming a Federal Agent, I was a state Criminal Investigator in the Puerto Rico Police Department for a period of eleven (11) years. I was assigned to the Narcotic Division as a Criminal Investigator. I have attended the United States Border Patrol Agent Academy, at the Federal Law Enforcement Training Center, in Artesia, New Mexico. I have received specialized training regarding the investigation and enforcement of United States Immigration Laws. In the capacity of a Border Patrol Agent, I am charged with enforcing federal administrative and criminal laws under Titles 8, 18, 19, and 21 of the United States Code. As a federal law enforcement agent, I have the authority to conduct investigations, make arrests, execute search warrants, and take sworn statements.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Luis Antonio BENITEZ HERNANDEZ ("BENITEZ HERNANDEZ"), committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Section 8 USC 1326(a) .

3. On April 28, 2026, at approximately 0630 hours, Supervisory Border Patrol Agent (SBPA) Eduardo Fonseca and SBPA Jorge Acosta, assigned to the West Palm Beach Station (WES), were conducting roving patrol operations around the northwest intersection of U.S. Highway 1 and Donald Ross Road in Juno, Florida. SBPA Fonseca and SBPA Acosta were deployed to this location in response to multiple reports of illegal aliens working at a nearby construction site. Additionally, WES' Border Patrol Agents have made multiple prior arrests of illegal aliens in the immediate vicinity of this location. While in the area, SBPA Fonseca and SBPA Acosta observed multiple individuals, including BENITEZ HERNANDEZ, walking along the roadway. BENITEZ HERNANDEZ appeared disheveled and out of place in the area and, upon noticing the Border Patrol Agents, exhibited unusual behavior by avoiding eye contact and appearing nervous.

4. SBPA Fonseca and SBPA Acosta approached BENITEZ HERNANDEZ and initiated a consensual encounter. SBPA Fonseca and SBPA Acosta identified themselves as U.S. Border Patrol Agents and asked BENITEZ HERNANDEZ about his citizenship and immigration status. BENITEZ HERNANDEZ stated he was a citizen of El Salvador and did not present any immigration documents that allowed him to be legally in the

2

United States. BENITEZ HERNANDEZ was placed under administrative arrest and transported to the Border Patrol station in Riviera Beach, Florida, for further processing and investigation.

5.   At the station, BENITEZ HERNANDEZ's fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database.

6.   The query on BENITEZ HERNANDEZ's fingerprints resulted in a positive match indicating that he had a prior immigration history under alien registration file A******988, and FBI******LN0. The immigration electronic records and alien file assigned to BENITEZ HERNANDEZ show that he is a native and citizen of El Salvador.

7.   Further investigation revealed that on November 19, 2015, Border Patrol Agents from the Rio Grande Valley, Texas Border Patrol Sector encountered and arrested BENITEZ HERNANDEZ for being illegally present in the U.S. BENITEZ HERNANDEZ was processed as an Expedited Removal. On November 17, 2016, an Immigration Judge ordered BENITEZ-HERNANDEZ to be removed from the US.  On January 10, 2017, BENITEZ HERNANDEZ was removed from Alexandria, LA, to his native country, El Salvador.

8.   On June 19, 2018, Border Patrol Agents from the Rio Grande Valley, Texas Border Patrol Sector encountered and arrested BENITEZ HERNANDEZ for being illegally present in the U.S. BENITEZ HERNANDEZ had his prior order of removal reinstated by a designated official. On July 05, 2018, BENITEZ HERNANDEZ was removed from Laredo, Texas, to his native country, El Salvador.

9.   Record checks through the Department of Homeland Security (DHS) CLAIMS database failed to locate any evidence indicating that BENITEZ HERNANDEZ had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

10.   Based on the foregoing, I submit that probable cause exists that on or about April 28, 2026, BENITEZ HERNANDEZ, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) .

*Richard Soto valentin*
_____
Richard Soto Valentin
Border Patrol Agent
United States Border Patrol

Sworn and attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this ___1___ day of May 2026.

_____
RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:  Luis Antonio Benitez-Hernandez

**Case No**: 26-mj-8339-RMM

Count #:

Illegal Reentry to the United States after deportation or removal

8 U.S.C 1326(a)

* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**